MANN, J.,
concurs specially.
The State comes here without a transcript, with an appendix which gives the testimony supporting their side, uncerti-fied, leaving us to wonder on what testimony the trial judge suppressed the pistol taken from Gaskin’s pocket. Terry v. Ohio, 1968, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed. 2d 889, held that an officer having probable cause to know that a suspect has a concealed weapon and might use it, can pat *40 him down and take the gun. The State contends that the trial judge overlooked Terry, but doesn’t bring before us for review the proceedings on motion to suppress. We must therefore assume that there is some evidence in the missing portion of the record which sustains the trial judge’s findings. The burden of showing error is on the appellant. The State has not met this burden, so I must concur in affirmance.